37   111
45  1443

## No. 9325.

The State ex. rel. B. R. Forman vs. The Judges of The Court Of Appeals for the Parish of Orleans.

*A* mandamus does not lie to compel a Court of Appeals to reinstate and try a cause before it, which was dismissed on the ground that the record brought up is not submitted in the form prescribed by the rules of the Court.

APPLICATION for Mandamus.

*J. O. Nixon, Jr.,* for the Relator.

*J. C. Gilmore* for the Respondents.

The opinion of the Court was delivered by

Bermudez, C. J. This is an application for a mandamus.

Its object is to compel the respondent judges to reverse a final judgment rendered by them, to reinstate the case thus decided, to maintain an appeal, and to try and determine the controversy on its merits.

The complaint is that the judges have dismissed an appeal *proprio motu*, on the ground that the record was not properly certified and was not accompanied with a chronological list of the documents composing it.

The relators charge that the judges have thus acted without any motion to dismiss having been made, that they have illegally adopted rules which add to the conditions prescribed by the Constitution, for the transmission of appeals, and trial of cases before them; that the cause having been once tried and decided on its merits by the judges they could not, on a rehearing granted, find fault with the record, which they had already found sufficient and acted upon.

The judges attack the form of this proceeding. They, however, claim that they have the Constitutional right to adopt rules for the police of their court; that they have done so without infringing any law, or violating any of the rights of litigants; that in a matter of which they had jurisdiction, they have, in the exercise of a legal discretion, determined that the record in the case was not in the condition presented by their rules, that this was sufficient to justify a dismissal of the appeal, that they have accordingly dismissed the appeal correctly, that their action is final and not reviewable.

It cannot be disputed that, in the exercise of the plenary powers of control and supervision, with which the Constitution vests this court over all inferior tribunals, including courts of appeals, it is our duty to see, not only that these tribunals do perform all the duties imposed upon them by law, in matters within their competence, but also, that they do not transgress their powers, either by exceeding their jurisdiction or authority, or by disregarding the essential forms prescribed by law for the administration of justice. That duty is accomplished by this court through the conservatory writs of *mandamus*, prohibition, and *certiorari*.

The present proceeding has clearly for its object the test to intrinsic validity of the action of the Court of Appeals in dismissing the appeal. Yet we are asked to command it to do and perform.

The record shows that the respondents have acknowledged jurisdiction over the case, that they have exercised their authority over it, that they have done in it and with it what they thought they ought to do under the law. Still the relator insists that the judges have erred in dismissing the appeal, that the order of dismissal should be annulled, that the case should be put back on the docket, tried and determined by the Court of Appeals on its merits.

We have more than once formally held that we would not interfere with courts of appeals and others, where the judgment complained of was rendered in a case within their jurisdiction, and in a proper form. 34 Ann., 782; 35 Ann., 837.

We might, perhaps, on a proper presentation of the matter, inquire into the powers of that court to adopt and enforce the rules so loudly denounced; but surely we cannot do so, in the form now presented. We are asked to review the decree of dismissal, set it aside, command the judges to reinstate the case, to maintain the appeal, and to pass upon its merits.

The writ of *mandamus* cannot be perverted into a writ of error. It does not lie, as has frequently been held by us, to compel the reversal of a judgment, and decree the rendition of a specific judgment in place thereof.

Doing so would be extending the appellate jurisdiction of this court over a class of cases which the Constitution has directed shall be determined finally by inferior tribunals, assuming therefore an appellale jurisdiction over the Court of Appeals, reversing their judgments and substitnting ours to theirs. 32 Ann., 218; 33 Ann., 16, 1225; 35 Ann., 366; O. B. 54, f. 854.

We have neither the power, nor therefore the inclination, to arrogate to ourselves any such authority. The proceeding is inadequate to afford the relief contemplated.

The application is therefore dismissed with costs.